# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JOSE ALEMAN, *et al.*, | * |
|    Plaintiffs, | * |
| v. | *     Civil Action No. 8:19-cv-00591-PX |
| KAISER FOUNDATION HEALTH PLAN OF THE MID-ATLANTIC STATES, INC., | * |
|    Defendant. | * |

\*\*\*

## **MEMORANDUM OPINION**

Twenty-six Plaintiffs have brought this wage and hour case as a collective action against their employer, Defendant Kaiser Foundation Health Plan of the Mid-Atlantic States, Inc. ("Kaiser"), alleging federal and state overtime compensation violations. *See* ECF No. 14-2. Pending before the Court is Kaiser's renewed motion to dismiss. ECF No. 15. The motion is fully briefed, and no hearing is necessary. *See* Loc. R. 105.6. For the following reasons, the Court grants Kaiser's motion and dismisses the Amended Complaint without prejudice.

**I.    Background[1]**

Plaintiffs are current or former engineering or maintenance technician employees of Kaiser. ECF No. 14-2 ¶ 3. Plaintiffs allege that Kaiser has failed to pay them appropriate overtime wages. *Id.* ¶¶ 6–9. Pursuant to a collective bargaining agreement, Plaintiffs are entitled to a "pay differential" of either $2.50 or $3.00 per hour more than the base pay rate as overtime. *Id.* ¶¶ 5–6. Plaintiffs broadly assert that they worked more than 40 hours per week without receiving overtime pay. *Id.* ¶¶ 7–9. Plaintiffs seek backpay, attorneys' fees, and damages pursuant to the

---

[1] For purposes of this Opinion, the Court accepts the facts pleaded in the Amended Complaint as true and construes them most favorably to Plaintiffs. *See Aziz v. Alcolac, Inc.*, 658 F.3d 388, 390 (4th Cir. 2011).

Fair Labor Standards Act ("FLSA"), Maryland Wage and Hour Law ("MWHL") and Maryland Wage Payment and Collection Law ("MWPCL") and "treble damages" under the MWPCL. *Id.*

Plaintiffs' original Complaint alleged in conclusory fashion that they "frequently worked more than forty (40) hours in a statutory workweek," and that "defendants failed to pay plaintiffs proper overtime compensation at a rate that included the appropriate shift differentials in accordance with the requirements of [the FLSA, MWHL, and the MWPCL]." ECF No. 1 ¶¶ 7–9. In response to Kaiser's dispositive motions challenging the sufficiency of the pleadings, ECF No. 8 at 4–6, Plaintiffs amended their Complaint, ostensibly in an effort to cure their pleading deficiencies, ECF No. 10. Accordingly, the Court accepted the Amended Complaint as the operative complaint and denied as moot Kaiser's original motion to dismiss. ECF No. 12.[2]

The Amended Complaint's overtime claims added very little factual context to the original claims, despite knowing that Kaiser had challenged their factual sufficiency. The Amended Complaint added only that "[d]uring the two year period immediately prior to the filing of this Complaint and continuing thereafter," the Plaintiffs worked overtime to which they were entitled an commensurate overtime wage or "shift differential" as set forth in their collective bargaining agreement. ECF No. 14-2 ¶¶ 7–9; *compare* ECF No. 14-2 *with* ECF No. 1. Kaiser now renews its motion to dismiss the overtime collective action for failure to state a claim. ECF No. 15.

**II.     Standard of Review**

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). The Court accepts "the well-pled allegations of the complaint as true," and construes all facts and reasonable

---

[2] Evidently, Plaintiffs had not filed their Amended Complaint in accordance with the Local Rules, and so refiled the pleading three days later to cure the deficiencies. The Court considers the corrected Amended Complaint at ECF No. 14 as the operative one.

inferences most favorably to the plaintiff. *See Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). To survive a motion to dismiss, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555) ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do."). Likewise, the Court need not accept unsupported legal allegations, *see Revene v. Charles Cty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

**III. Analysis**

Kaiser contends, as it did previously, that Plaintiffs fail to allege sufficient facts to state a plausible federal and state overtime claims. ECF No. 15 at 4–7. The Court agrees. "The FLSA is best understood as the 'minimum wage/maximum hour law.'" *Trejo v. Ryman Hosp. Props., Inc.*, 795 F.3d 442, 446 (4th Cir. 2015) (quoting *Monahan v. Cty. of Chesterfield*, 95 F.3d 1263, 1266 (4th Cir. 1996)). The FLSA provides that employers must pay one-and-a-half times the normal wage to non-exempt employees who work more than 40 hours in a statutory workweek. 29 U.S.C. § 207(a)(1). Both the MWHL and the MWPCL similarly require employers to pay overtime for hours worked in excess of a 40-hour workweek. *See Quickly v. Univ. of Md. Med. Sys. Corp*, No. CCB–12–321, 2012 WL 4069757, at *6 (D. Md. Sept. 14, 2012) (MHWL is "state

3

parallel" of FLSA and pleading requirements "mirror those of federal law"); *Chavez v. Besie's Corp.*, No. GJH–14–1338, 2014 WL 5298032, at *4 (D Md. Oct. 10, 2014) ("[A] violation of the MWPCL depends entirely on violation of another law, either the MWHL or the FLSA."). The MWPCL further allows for treble damages where plaintiffs can demonstrate that the overtime wages are more than two weeks overdue and wages were not withheld "as a result of a bona fide dispute." Md. Code Ann., Lab. & Empl. § 3-507.2(a)–(b).

"To make out a plausible overtime claim, a plaintiff must provide sufficient factual allegations to support a reasonable inference that he or she worked more than forty hours in at least one workweek and that his or her employer failed to pay the requisite overtime premium for those overtime hours." *Hall v. DIRECTV, LLC*, 846 F.3d 757, 777 (4th Cir. 2017). Although the United States Court Appeals for the Fourth Circuit made clear in *Hall v. DIRECTV, LLC* that this Court must construe charitably the facts sufficient to survive challenge, it nonetheless made clear that Plaintiffs must allege *some facts* to "nudge their claim from conceivable to plausible." *Id.* at 776–77. Indeed, no particular factual recitation is required. Plaintiffs, however, must include some facts "that will permit the court to find plausibility." *Id.* at 777. In that regard, "plaintiffs seeking to overcome a motion to dismiss must do more than merely allege that they regularly worked in excess of forty hours per week without receiving overtime pay." *Id.*

Plaintiffs' amendment adds no facts by which this Court could infer a collective overtime wage claim under even the minimal particularity standard set forth in *Hall. Id.* at 777. Instead, Plaintiffs recite boilerplate elements of an overtime claim with no factual context. Because *Hall* endorsed a lenient approach, but not a standardless one, mere legal recitation devoid of any facts cannot survive challenge. *Id.*; *see also Quickly*, 2012 WL 4069757, at *6; *Chavez*, 2014 WL

5298032, at *4.[3]

Plaintiffs' arguments to the contrary are unavailing. Plaintiffs contend that reference to their "shift differential" pay rate under their collective bargaining agreement provides sufficient facts by which the Court can infer they worked in excess of forty hours per work week. ECF No. 16 at 2–3 & n.3. The Court fails to see the logic of this argument. The Amended Complaint provides no facts by which this Court can infer how and in what capacity Plaintiffs worked more than 40 hours in a given week. Nor does the Amended Complaint meaningfully provide "a time frame for Kaiser's alleged misconduct." *Id.* at 3 n.3. The Amended Complaint adds that the violations spanned a two-year period, which also happens to be the allowable limitations period. *See* 29 U.S.C. § 255(a); *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 131–32 (1988). But this addition is simply more boilerplate that does not allow this Court or Kaiser to discern the nature of the particular claims. Without more, Kaiser is deprived of the minimal notice necessary to defend the claims. *See Twombly*, 550 U.S. at 555 (explaining that the purpose of the complaint is to "give the defendant fair notice of what the . . . claim is and the grounds on which it rests"). Consequently, the Amended Complaint must be dismissed. *See Peterson v. M.J.J., Inc*., No. JKB–16–3629, 2017 WL 4098755, *4 (D. Md. Sept. 13, 2017) (allegations insufficient when complaint alleged that *"[t]hroughout [the Plaintiff's] employment* . . . Plaintiff . . . regularly worked over forty hours a week yet was not paid at the proper overtime rate" (emphasis added)), *aff'd*, 720 F. App'x 702 (4th Cir. 2018).

Likewise, Plaintiffs' reliance on cases in which more particularized FLSA claims survived challenge does not advance Plaintiffs' cause. *See Acey v. HMS Host USA, Inc.,* No. 8:18-cv-

---

[3] The Court similarly notes that as to treble damages claimed under the MWPCL, the Amended Complaint is likewise devoid of any factual support. *See Blank v. Giant of Md., LLC*, 14–CV–01722, 2014 WL 3866017, *5 (D. Md. Aug. 5, 2014).

5

01395-PX, 2019 WL 2177239, *1 (D. Md. May 20, 2019) (alleging four to six hours of overtime per week, centralized scheme by employer to undercompensate plaintiffs, and examples of overtime such as working while on maternity leave); *Gandy v. RWLS, LLC.*, 308 F. Supp. 3d 1220, 1223–25 (D. N.M. 2018) (alleging plaintiff was scheduled to work more than 12 hours in a day and 84 hours in a week); *Ra'Palo v. Lucas Designs Inc.*, No. 9:17-cv-00710-DCN, 2017 WL 3118057, *3 (D.S.C. July 21, 2017) (alleging 6-day work week,12 hours per day, resulting in 15–20 hours of overtime per week). Contrary to Plaintiffs' contention, these cases simply do not "endorse[] similar language as sufficient to state a claim under the FLSA." ECF No. 16 at 2–3.[4]

Rather, this Court views the Amended Complaint as more akin to the barebones allegations rejected by this Court previously. *See Ramnarine v. Rainbow Child Dev. Ctr., Inc*. No. RWT 17-2261, 2018 WL 1243546, *3 (D. Md. Mar. 9, 2019) (claims insufficient where alleging "Plaintiff and other similarly situated worked in excess of 40 hours per week," and attended uncompensated meetings dismissed as insufficient); *Peterson*, 2017 WL 4098755, *4 (dismissing claims where Plaintiffs alleged "[t]hroughout [the Plaintiff's] employment . . . Plaintiff . . . regularly worked over forty hours a week yet was not paid at the proper overtime rate"). Accordingly, the FLSA claim and the state analogues must be dismissed.

Because the Court previously allowed Plaintiffs to amend their Complaint precisely to cure this pleading deficiency, the Court is reluctant to afford Plaintiffs any further opportunity to amend. That said, and in the interests of justice, the Court will permit one final opportunity to amend to include sufficient facts supporting that Plaintiffs actually worked uncompensated

---

[4] Plaintiffs also point the Court to *Allen v. Express Courier International, Inc.*, No. 3:18-cv-00028-MOC-DSC, 2018 WL 3577263 (W.D.N.C. July 25, 2018), which this Court does not find persuasive. The plaintiffs in *Allen* alleged that they "worked more then [sic] forty hours per week, [and] that defendants knew of these hours, yet failed to pay plaintiffs overtime wages." *Id.* at *2. In this regard, the Complaint in *Allen* appears to this Court to violate *Hall's* admonition that an overtime claim "must do more than merely allege that the plaintiffs] regularly worked in excess of forty hours per week." *Hall*, 846 F.3d at 777.

overtime.  The Plaintiffs are forewarned, however, that Court will not look favorably on submission of a Second Amended Complaint that does not include sufficient facts to withstand challenge, and will entertain any appropriate motion for shifting of fees and costs by Kaiser in the event Plaintiffs chose to submit an Amended Complaint that is similarly devoid of factual basis.[5]

### IV.     Conclusion

Based on the foregoing, Kaiser's motion to dismiss is GRANTED.  Plaintiffs will be given fourteen days to cure the pleading deficiencies by filing a Second Amended Complaint, if possible, or alternatively to request that the Court close this case.

A separate Order follows.

 __12/9/2019_____              _____/s/_____
Date                                                                    Paula Xinis
                                                                              United States District Judge

---

[5] Plaintiffs concede that they do not bring this case as a class action, and thus do not intend to seek class certification pursuant to Federal Rule of Civil Procedure 23.  ECF No. 4 & n.5.  Accordingly, Kaiser's motion to dismiss on this ground is denied as moot.