IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOSE ALEMAN, *et al.*,                     *

Plaintiffs,                                *

v.                                         *          Civil Action No. 8:19-cv-00591-PX

KAISER FOUNDATION HEALTH PLAN.             *
OF THE MID-ATLANTIC STATES, INC.,
                                           *
Defendant
                                     *****

## MEMORANDUM OPINION

Twenty-six Plaintiffs have brought this wage and hour case as a collective action against

their employer, Defendant Kaiser Foundation Health Plan of the Mid-Atlantic States, Inc.

("Kaiser"), alleging federal and state overtime compensation violations.  *See* ECF No. 20.

Pending before the Court is Kaiser's Third Motion to Dismiss.  ECF No. 23.  The motion is fully

briefed, and no hearing is necessary.  See Loc. R. 105.6.  For the following reasons, Defendant

Kaiser's motion to dismiss the Second Amended Complaint is denied in part and granted in part.

### I.      Background

The Court has already reviewed the background of this case and will not do so again here

unless pertinent to this opinion.  ECF No. 18.  Plaintiffs, current or former engineering and

maintenance technicians, bring this overtime case under the Federal Labor Standards Act

("FLSA") and a companion state statutory provision.  Previously, the Court granted dismissal

with leave for Plaintiffs to file a Second Amended Complaint to make plausible their overtime

claims.

The Plaintiffs' Second Amended Complaint incorporates payroll records for eight of the

twenty-six named plaintiffs for a two-week pay period and include the number of hours worked

as well as rates of pay.  ECF No. 20-1.  Although the records reflect when an employee was entitled to night differential pay as an "overtime adjustment payment," the records do not break down the hours worked or compensation received on a weekly basis.  Thus, aver Plaintiffs, the Court could plausibly infer that the overtime adjustment payment does not sufficiently compensate the Plaintiffs as required by statute.  Plaintiffs further aver that records illustrate Kaiser's standard practice of providing insufficient overtime compensation.  ECF No. 20 ¶ 12.  Kaiser now renews its motion to dismiss the overtime collective action for failure to state a claim. ECF No. 23.

## II.      Standard of Review

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the sufficiency of the complaint.  *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).  The Court accepts "the well-pled allegations of the complaint as true," and construes all facts and reasonable inferences most favorably to the plaintiff.  *See Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).

To survive a motion to dismiss, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555) ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.").

Likewise, the Court need not accept unsupported legal allegations, *see Revene v. Charles Cty. Commr's*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

### III.    Analysis

Kaiser contends, as it has done twice previously, that Plaintiffs fail to allege sufficient facts to state plausible federal and state overtime claims.  ECF No. 23-2 at 5-6.  The Court concludes that the Second Amended Complaint makes plausible the FLSA claim (Count I), but the state claim must be dismissed as insufficient (Count II).

### 1.    FLSA – Count I

"The FLSA is best understood as the 'minimum wage/maximum hour law.'"  *Trejo v. Ryman Hosp. Props., Inc.*, 795 F.3d 442, 446 (4th Cir. 2015) (quoting *Monahan v. Cty. of Chesterfield*, 95 F.3d 1263, 1266 (4th Cir. 1996)).  The FLSA provides that employers must pay one-and-a-half times the normal wage to non-exempt employees who work more than 40 hours in a statutory workweek.  29 U.S.C. § 207(a)(1).  "To make out a plausible overtime claim, a plaintiff must provide sufficient factual allegations to support a reasonable inference that he or she worked more than forty hours in at least one workweek and that his or her employer failed to pay the requisite overtime premium for those overtime hours."  *Hall v. DIRECTV, LLC*, 846 F.3d 757, 777 (4th Cir. 2017).

Although the United States Court of Appeals for the Fourth Circuit made clear in *Hall v. DIRECTV, LLC* that this Court must construe charitably the facts sufficient to survive challenge, it nonetheless emphasized that Plaintiffs must allege some facts to "nudge their claim from

conceivable to plausible." *Id.* at 776– 77.  Indeed, no particular factual recitation is required.

However, "plaintiffs seeking to overcome a motion to dismiss must do more than merely allege

that they regularly worked in excess of forty hours per week without receiving overtime pay."

*Id.*

The Second Amended Complaint and incorporated payroll records make plausible that

Plaintiffs are non-exempt employees entitled to overtime pay who regularly worked more than

40 hours in response to workload management needs and absent employees.  The payroll records

further support at least a plausible inference that the employees' overtime calculation did not

include the shift differential required under the collective bargaining agreement relevant to this

claim.  ECF No. 21-1.  The Court further finds that the records are sufficiently uniform to make

plausible that this method of compensation was uniformly applied to all Plaintiffs.  ECF No. 20 ¶

12.  Thus, the added factual allegations are sufficient to allow the FLSA claim to proceed.

Plaintiffs' acknowledge that the pertinent overtime pay requirements are based on each

40-hour workweek, and that because Defendant's payroll system runs on two week pay periods,

a  "full examination of all payroll and related time records" is necessary to "actually to establish

the number of overtime hours worked by each plaintiff each work week."  ECF No. 24 at 5 n.5;

29 U.S.C. § 207(a)(1).  That said, the Court agrees that the records "nudge their claim from

conceivable to plausible" and are therefore sufficient to satisfy the minimal particularity standard

set forth in *Hall*.  *Hall*, 846 F.3d at 777.

Kaiser, in response, urges the Court to read the paystubs in a manner that finds its

overtime pay lawful by "assum[ing] an allocation of hours worked among the two weeks covered

by each paystub."  ECF No. 23-2 at 11.  To do so, however, the Court would have to construe the

facts most favorably to Kaiser, not Plaintiffs.  This the Court cannot do.  *See Ibarra*, 120 F.3d at

474.  The purpose of a motion to dismiss is to test the sufficiency of the complaint, not address "contests surrounding the facts, the merits of a claim, or the applicability of defenses."  *Prelich v. Med. Res., Inc.*, 813 F. Supp. 2d 654, 660 (D. Md. 2011) (citations omitted).   The FLSA claims survive challenge.

### 2.      MWHL Claim – Count II

The Court next addresses Kaiser's contention that the claims brought pursuant to the Maryland Wage and Hour Law, Md. Code Ann., Lab. & Empl. § 3-415, must be dismissed because no facts make plausible that Plaintiffs worked in Maryland.  ECF No. 23-2 at 33.  The Second Amended Complaint avers that Kaiser does business in Maryland and that Plaintiffs work in the Washington D.C. area.  On this averment, however, "it is not possible to determine which Plaintiffs work in Maryland and which do not."  *Id.*  Accordingly, and in line with this Court's prior treatment of this identical issue in *Yeibyo v. E-Park of DC, Inc.*, the claim must be dismissed.  No. DKC 2007-1919, 2008 WL 182502, *4-*6 (D. Md. Jan. 18, 2008).

In *Yeibo*, the Court determined, rightly, that analysis hinged on a choice of law question—"does either Maryland statute apply to this case?"  *Id*. at *4.  The parties disputed whether the application of the Maryland wage and hour statutes sounded more in tort or contract, each implicating a different choice of law analysis.  *Id.*  However, the *Yiebo* Court concluded that under either analysis, Maryland law would not apply.  *Id.*  Thus, the Maryland wage and hour claims must be dismissed.  The same analysis governs the outcome here.

If construed as a tort action, Maryland conflict of law rules would us to apply the law of the State where the injury occurred."  *Laboratory Corp. of America v. Hood,* 395 Md. 608, 614 (2006).  The injury—failing to pay as required—occurs where the Plaintiffs work.  *Id.*  The Second Amended Complaint avers broadly that Plaintiffs worked in the "Washington, D.C.

Metropolitan area." ECF No. 20 ¶ 8. Because this averment alone does not make plausible the Plaintiffs worked in Maryland, the MWHL does not apply.

If the claim sounds in contract, the Court applies the law of the jurisdiction where the contract was made. *Allstate Ins. Co. v. Hart*, 327 Md. 526, 529 (1992). Plaintiffs have failed to allege any facts giving rise to a contract formed under Maryland law. The only relevant fact, in the view of the Plaintiffs, is that Kaiser is a Maryland employer under the definition of the MWHL, Md. Code. Lab. & Empl. §3-501(b). ECF No. 24 at 8 n.10. Defendant's place of business alone is insufficient. *See Yiebo*, 2008 WL 182502, at *4 ("Plaintiffs' only allegation of Maryland connections are the location of Defendants and the processing of payroll at the Silver Spring office."). Under either theory, Plaintiffs have failed to sufficiently allege the applicability of MWHL protections. Kaiser's motion to dismiss MWHL claim is thus granted.

## IV.     Conclusion

For the reasons stated above, defendant Kaiser's motion to dismiss is Count I is DENIED and their motion to dismiss Count II is GRANTED. A separate Order follows.


8/31/2020                                                                      /S/
Date                                                        Paula Xinis
                                                            United States District Judge