IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOSE ALEMAN, *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. 8:19-cv-00591-PX |
| KAISER FOUNDATION HEALTH PLAN OF THE MID-ATLANTIC STATES, INC., | * | |
| | * | |
| Defendant. | | |

\*\*\*

## MEMORANDUM OPINION

Pending before the Court is the motion for settlement approval jointly filed by the twenty-six Plaintiffs in this action and Defendant Kaiser Foundation Health Plan of the Mid-Atlantic States, Inc. ("Kaiser"). ECF No. 35. Plaintiffs filed this collective overtime-wage case pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Maryland Wage and Hour Law ("MWHL"), Md. Code, Lab. & Empl. § 3-401 *et seq.* ECF No. 20. For the reasons that follow, the Court GRANTS the parties' motion and approves the settlement and dismisses the case with prejudice.

### I.     BACKGROUND

Plaintiffs are current and former engineer and maintenance technicians employed by Kaiser. ECF No. 20 ¶ 3. According to their collective bargaining agreement, Plaintiffs were entitled to an increase in their base rate of pay, known as an "hourly pay shift differential," for evening- and night-shift hours worked. *Id.* ¶ 7. Under applicable regulations, Kaiser was required to account for pay shift differentials when calculating the overtime wages that it owed under the FLSA. *Id.* ¶ 9. Plaintiffs generally aver that Kaiser failed to include these differentials when calculating their overtime wages, in violation of the FLSA and the MWHL, and sought as

damages "all unpaid overtime pay determined to be due and owing." *Id.* at 8.

This Court previously denied Kaiser's motion to dismiss because paystubs attached to the Second Amended Complaint "support[ed] at least a plausible inference that the employees' overtime calculation did not include the shift differential required under the collective bargaining agreement." ECF No. 26 at 4. However, the Court also acknowledged that "the pertinent overtime pay requirements are based on each 40-hour workweek, and that because Defendant's payroll system runs on two week pay periods, a full examination of all payroll and related time records is necessary to actually to establish the number of overtime hours worked by each plaintiff each work week." *Id.*

On November 12, 2020, the parties filed a joint status report indicating that this case would not proceed as an opt-in collective action, but the 26 individual Plaintiffs would maintain their claims under the FLSA. ECF No. 33 at 1. The parties also agreed that examination of Kaiser's timekeeping and payroll records, whether as part of formal or informal discovery, was key to resolving this case. *Id.* at 2–3.

The parties now seek this Court's approval of their proposed settlement to resolve the individual Plaintiffs' claims. The settlement of $20,800 results in each Plaintiff receiving $800. ECF No. 35-1 at 3. Under the agreement, Plaintiffs' counsel is not seeking fees, and upon Court approval and satisfaction of the agreement terms, the action will be dismissed with prejudice. *Id.*

**II.    STANDARD OF REVIEW**

Congress enacted the FLSA to shield workers from substandard wages and working conditions arising from the unequal bargaining power between workers and employers. *See Brooklyn Saw Bank v. O'Neil*, 324 U.S. 697, 706 (1945). To that end, the FLSA's requirements generally cannot be modified, waived, or bargained away by contract or settlement. *See id.*

Court-approved settlements, however, remain the exception to this rule, "provided that the settlement reflects a 'reasonable compromise of disputed issues' rather than 'a mere waiver of statutory rights brought about by an employer's overreaching.'" *Saman v. LBDP, Inc.*, No. DKC-12-1083, 2013 WL 2949047, at *2 (D. Md. June 13, 2013) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Acevedo v. Phoenix Pres. Grp., Inc.*, No. PJM-13-3726, 2015 WL 6004150, at *4 (D. Md. Oct. 8, 2015).

"In reviewing FLSA settlements for approval, 'district courts in this circuit typically employ the considerations set forth by the Eleventh Circuit in *Lynn's Food Stores*.'" *Hackett v. ADF Rest. Invs.*, 259 F. Supp. 3d 360, 365 (D. Md. 2016) (quoting *Beam v. Dillon's Bus Serv., Inc.*, No. DKC-14-3838, 2015 WL 4065036, at *3 (D. Md. July 1, 2015)). More particularly, "[t]he settlement must reflect a 'fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Id.* (quoting *Beam*, 2015 WL 4065036, at *3). The court considers (1) whether FLSA issues are actually in dispute; (2) the fairness and reasonableness of the settlement; and (3) the reasonableness of the attorneys' fees, if included in the agreement. *Id*. These factors are most likely satisfied where there is an "assurance of an adversarial context" and the employee is "represented by an attorney who can protect [his] rights under the statute." *Lynn's Food Stores*, 679 F.2d at 1354. The Court addresses each factor in turn.

### III. ANALYSIS

#### A. *Bona Fide* Dispute

To determine whether a *bona fide* dispute over FLSA liability exists, the Court reviews the pleadings, any subsequent court filings, and the parties' recitals in the proposed settlement. *See Lomascolo v. Parsons Brinckerhoff, Inc.*, No. AJT-JFA-08-1310, 2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009). Here, Kaiser denies all wrongdoing and argued extensively in pretrial

motions that Plaintiffs are not entitled to any requested relief.  *See* ECF No. 23.  In fact, Kaiser recently raised the specter of seeking sanctions against Plaintiffs and planned to explore in discovery what, if any, "steps Plaintiffs took to ensure that they were complying with the requirements of Rule 11 of the Federal Rules of Civil Procedure before filing the instant action." ECF No. 33 at 3.  Accordingly, the threshold factor of a *bona fide* dispute is met.

        B.      Fairness and Reasonableness of the Settlement

Courts evaluate the fairness and reasonableness of a settlement based on six factors: (1) the extent of discovery undertaken; (2) the stage of the proceedings, including the complexity, expense, and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of plaintiff's counsel; (5) the opinions of counsel; and (6) the probability of the plaintiff's success on the merits, and the amount of settlement contrasted with the potential recovery.  *Hackett*, 259 F. Supp. 3d at 365 (quotation omitted).

The Court finds the agreement is fair and reasonable.  As to the first two factors, although no formal discovery has taken place, Kaiser has provided Plaintiffs with "documents related to pay records" as part of settlement negotiations to demonstrate how it calculates overtime wages. ECF No. 35-1 at 5–6.  According to the parties, these records clarify that which the paystubs do not make apparent as to how Kaiser calculates overtime.  *Id.* at 6.  Further, while this case is in its early stages, the parties have represented they would rather devote their limited resources to settlement than to formal discovery.  *Id.*; *see also Duprey v. Scotts Co. LLC*, 30 F. Supp. 3d 404, 409 (D. Md. 2014) ("By avoiding formal discovery, resources that otherwise would have been consumed by the litigation were made available for settlement, and the risk and uncertainties for both parties were reduced."); *Park v. Myung Ga of MD, Inc.*, PWG-15-3606, 2016 WL 5957555, at *2 (D. Md. Oct. 13, 2016).

As for the next three factors, Plaintiffs' counsel is experienced in litigating FLSA cases, including collective actions (ECF No. 35-1 at 6), and there is no evidence that the settlement agreement is the product of fraud or collusion by counsel. *See Lomascolo*, 2009 WL 3094955, at *12. In fact, Plaintiffs' counsel is taking no fees as part of the agreement. *See* ECF No. 35-1 at 9. Further, the individual Plaintiffs are resolving their claims in a manner which does not impact other Kaiser employees. *Id.* at 7; ECF No. 35-2 at 7; *see also Duprey*, 30 F. Supp. 3d at 409. The Court finds no reason to second guess the resolution as Plaintiffs' counsel recommends.

The sixth factor also supports approval of the settlement agreement. As this Court has acknowledged, the paystubs attached to the Complaint were inconclusive as to whether violations of the federal and state wage and hour laws had occurred. *See* ECF No. 26 at 4. And Plaintiffs never averred the specific amount of overtime wages withheld, making it difficult to gauge their possible success at trial. But these facts support this Court deferring to the judgment of the parties and counsel that the agreement is fair and reasonable, especially in light of the proof problems with Plaintiffs' case. *See Lomascolo*, 2009 WL 3094955, at *10 (citation omitted).

## IV. CONCLUSION

For the foregoing reasons, the Court grants the motion to approve settlement. ECF No. 35. A separate order will follow.

April 28, 2021                                            /S/
Date                                                            Paula Xinis
                                                                   United States District Judge